Dmitri N. Chtyrev (Bar No. 266591)
WESTSIDE INJURY LAWYERS
147 WAVERLY DRIVE, SUITE A
PASADENA, CALIFORNIA 91105
TELEPHONE (213) 536-0789
FACSIMILE (213) 536-0233
Dmitri@westsideinjurylawyers.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MARIA REYES ROCHA,

        Plaintiff,

v.

WALMART INC., and DOES 1 to 20;,

        Defendant.

Case No.: 2:25-cv-01185-DSF-AGR

**NOTICE OF MOTIONS AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND; DECLARATION OF DMITRI CHTREV, ESQ.**

*DATE: December 8, 2025*
*TIME: 1:30 PM*
*JUDGE: Dale S Fischer*

TO THIS HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on December 8, 2025 at 1:30pm in Courtroom 7D of the above-captioned Court, located at 350 W 1st St, Los Angeles, CA 90012, MARIA REYES ROCHA, ("PLAINTIFF") will and hereby does, move for an order from this Court to REMAND this case back to SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES.

**NOTICE OF MOTIONS AND MOTION TO REMAND**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION.................................................................................1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY.................3

    A.    FACTUAL BACKGROUND...............................................3

    B.    PROCEDURAL HISTORY .................................................3

III.    ARGUMENT...................................................................................5

    A.    A CASE SHOULD BE REMANDED TO STATE COURT WHEN THERE ARE DOUBTS AS TO ITS REMOVABILIY...........................................5

        1.    The Removal Statute is to be Interpreted Strictly Against Removal.........................................................................5

        2.    The Burden of Removing Any Doubt of Removability Resets with The Party Seeking Removal.................................................6

    B.    THERE CAN BE NO FEDERAL SUBJECT MATTER JURISDICTION OVER A CASE WHEN COMPLETE DIVERSITY OF CITIZENSHIP DOES NOT EXIST...........................................................8

        1.    The Court Must Consider the Citizenship of Doe Defendants............9

        2.    Plaintiff Properly Named DOE 1 as a Defendant in this Case...........11

        3.    There is Doubt as to Complete Diversity of the Parties In This Action and Therefore this Court Must Remand This Case to State Court.........................12

C.    WALMART'S NOTICE OF REMOVAL IS DEFECTIVE AND PLAINTIFF'S MOTION TO REMAND IS TIMELY DUE TO WALMART'S FAILURE TO PROVIDE PLAINTIFF WITH DISCOVERY RESPONSES........13

D.    WALMART'S REMOVAL IS IN CONTRAVENTION TO THE VOLUNTARY/INVOLUNTARY RULE....................................16

IV.    CONCLUSION................................................................................17

*ii.*

**NOTICE OF MOTIONS AND MOTION TO REMAND**

# <u>TABLE OF AUTHORITIES</u>

**Cases**

Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006).....................................12

ARCO Envtl. Remediation v. Dep't of Health & Quality, 213 F.3d 1108 (9th Cir. 2000)...........................................................................................................7

Asante v. Ocwen Loan Servicing, LLC, No. CV16-8281, 2017 WL 111298 (C.D. Cal. Jan. 11, 2017)....................................................................................6,7

Barnes v. WALMART Wholesale Corp. No. CV 19-7977, 2019 WL 6608735 (C.D. Cal. Dec. 4, 2019) ...............................................................................10,11,12

Bruns v. National Credit Union Admin., 122 F.3d 1251 (9th Cir. 1997)................7

Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005) .....................12

Fisher v. Direct TV, Inc., No. CV 13-68, 2013 WL 2152668 (D. Mont. May 16, 2013) …...........................................................................................................9

Gardiner Family, LLC v. Crimson Res. Mgmt. Corp., 147 F.Supp.3d 1029 (E.D. Cal. Sept. 24, 2015)...............................................................................10,11

Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992)....................................................6, 7

Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102 (9th Cir. 2010) ...........................................................................................3

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) .................................14, 16

Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978) .........................................14

Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543 (9th Cir. 2018) ...............................................................................................................13

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994) .................6

Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089 (9th Cir. 2003) ........................................................................................................... 6,7,12

Miller v. Grgurich, 763 F.2d 372 (9th Cir. 1985) .............................................. 6, 13

Mullin v. General Motors LLC, No. CV 15-7668, 2016 WL 94235 (C.D. Cal. Jan.

*iii.*

**NOTICE OF MOTIONS AND MOTION TO REMAND**

7, 2016)............................................................................................3,6,8, 17

*iii.*

**NOTICE OF MOTIONS AND MOTION TO REMAND**

O'Grady v. Wachovia Bank, No. CV 08-5065, 2008 WL 4384282 (C.D. Cal. Sept. 10, 2008)..................................................................................6,7

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) ............................14

People of State of Cal. By and Through Lungren v. Keating, 986 F.2d 346 (9th Cir. 1993)..................................................................................16

Perez v. Wells Fargo Bank, N.A., 929 F.Supp.2d 988 (N.D. Cal. 2013) ................7

Price trustee of Vivian Price Family Trust v. AMCO Ins. Co., No. 1:17-cv-01053, 2017 WL 4511062 (E.D. Cal. Oct. 10, 2017)....................................................6,8,13

Robinson v. Lowe's Home Centers, No. 1:15-cv-1321, 2015 WL 13236883 (E.D. Cal. Nov. 13, 2015) .......................................................................9

Sandoval v. Republic Services, Inc., No. 2:18-cv-01224, 2018 WL 1989528 (C.D. Cal. Apr. 24, 2018) .......................................................................11,12

Self v. General Motors, 588 F.2d 655 (9th Cir. 1978)...........................................16

Unterleitner v. Basf Catalysts LLC, No. 16-cv-00818, 2016 WL 805167 (N.D. Cal. Mar. 2, 2016)………………………………....................................................6,7,8

Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430-431 n.24 (9th Cir.1977) ............................………………………………………….14

**Statutes**

28 U.S.C. § 1332...................................................................................12

28 U.S.C. § 1441...................................................................................8,10,11

28 U.S.C. § 1447 .............................................................................. 2,7,10,13

Cal. Code of Civ. Proc. § 474 ...........................................................9

*iv.*

**NOTICE OF MOTIONS AND MOTION TO REMAND**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant, WALMART, INC Co (hereinafter, "WALMART") is attempting to remove a state law negligence claim to this Court based on diversity of citizenship jurisdiction, disregarding the fact that there has not been complete diversity amongst the parties at any point since Plaintiff, Maria Reyes Rocha (hereinafter, "PLAINTIFF") filed her complaint on March 10, 2025. Specifically, PLAINTIFF, a California resident, who was a patron of WALMART on January 13, 2025 and was injured by two of its employees who were negligently handing glass bottled sodas which fell and struck the Plaintiff. Said employee was identified in Plaintiff's complaint as "DOE 1" (hereinafter said employee is identified as "DOE 1") and Plaintiff alleged that DOE 1 was at all times relevant here in a California resident.

In the First Cause of Action for General Negligence, PLAINTIF alleges that "Plaintiff Rocha was at the Defendants' store, near the aisle with drinks section. Suddenly and negligently, two store employees, who were stacking glass bottled sodas, shattered 6 packs of bottled sodas, hitting Plaintiff. As a result of the incident, Plaintiff was seriously injured. Defendants failed to monitor and maintain their property in a safe and non-dangerous manner. The resultant incident caused Plaintiff to incur personal injury, medical expenses, pain and suffering.." (Exhibit A Plaintiff's Complaint against WALMART" (hereinafter "Complaint")

**1.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

Plaintiff is in fact a resident of California as she identified her residence as in Los Angeles. (Exhibit 3.)

It can be determined that complete diversity does not exist for the purposes of federal subject matter jurisdiction because both PLAINTIFF and DOE 1, are residents of the State of California. Because of this, as well as for other reasons listed below, the Court should remand this case back to the State Court.

First, the removal statute is to be strictly interpreted and construed against removal jurisdiction. As the defendant has the burden of showing that federal subject matter jurisdiction exists, if the defendant has left any doubt as to the subject matter jurisdiction of this Court, the court should remand the case.

Second, because DOE 1 is properly named in the Complaint as an employee/agent of WALMART and a resident of California, complete diversity amongst the parties does not exist. As alleged, both the PLAINTIFF and DOE 1, reside in the same state. As there are plaintiff and defendants from California, complete diversity does not exist, and there can be no federal subject matter jurisdiction regardless of the amount in controversy.

Third, the removal of this case violated the voluntary/involuntary rule, by which a case with non-diverse parties at the time of filing can only become diverse for purposes of removal if the plaintiff undertakes a voluntary step to remove the non-diverse party from the proceedings, such a dismissal did not occur here. Plaintiff has undertaken no voluntary act that would give rise to federal subject matter jurisdiction based on diversity of citizenship and the parties to this lawsuit are not completely diverse, and yet WALMART is still attempting to remove the case.

Because the removal statute is to be strictly construed in favor of remand, when there is doubt as to the legitimacy of federal subject matter jurisdiction the court, by statute, "the case shall be remanded." 28 U.S.C. §1447 (c). The burden of removing that doubt lies with WALMART, and it has not sufficiently addressed and removed all doubt as to whether federal subject matter jurisdiction exists in this case.

**2.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

Thus, this case should be remanded back to state court because '[t]here is 'strong presumption against removal jurisdiction," and courts must reject [the removed case] "if there is any doubt as to the right of removal in the first instance." *Mullin v. General Motors LLC*, No. CV 15-7668, 2016 WL 94235, at *2 (C.D. Cal. Jan. 7, 2016) (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    FACTUAL BACKGROUND

On or about January 13, 2023, Plaintiff was at a premises owned by Defendant WALMART located at 9001 Apollo Way, Downey, CA 90242 (hereinafter, "Premises"). See Complaint p.4, ¶1. On the date of the incident, Plaintiff was using said Defendant's facility to purchase groceries, and while browsing items on the Premises, one or more employees, while in the course and scope of their employment with WALMART, negligently dropped glass bottles onto Plaintiff thereby causing her to sustain physical injury. See Complaint p. 4, ¶2.

### B.    PROCEDURAL HISTORY

On January 13, 2025, Plaintiff initiated this action alleging two causes of action on the theory of negligence and premise liability against WALMART and DOES which was filed in The Superior Court of California, in the County of Los Angeles, identified as Case Number "25NWCV00136". See Complaint; Dkt. 3. Thereafter, WALMART filed an Answer to the Complaint on May 21, 2025. Dkt. 3, Exhibit B, WALMART's Answer to Plaintiff's Complaint, hereinafter "Answer."

Following WALMART's Answer, WALMART removed this case to the United States District Court.

WALMART's removal of this case to United States District Court for the Central District of California is improper and the case should therefore be remanded to the State Court.

**5.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

**A.    A CASE SHOULD BE REMANDED TO STATE COURT
WHEN THERE ARE DOUBTS AS TO ITS REMOVABILITY**

**1.    The Removal Statute is to be Interpreted Strictly Against
Removal**

The Supreme Court has noted that "[f]ederal courts are courts of limited
jurisdiction. They possess only that power authorized by Constitution and statute,
which is not to be expected by judicial decree. It is to be presumed that a cause

**5.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. "the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If, as here, the defendant has not met its burden and there is "doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

By statute, "[a] defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court." Price trustee of *Vivian Price Family Trust v. AMCO Ins. Co*., No. 1:17-cv-01053, 2017 WL 4511062, at *1 (E.D. Cal. Oct. 10, 2017). However, "the Ninth Circuit has a 'strong presumption against removal.'" *O'Grady v. Wachovia Bank*, No. CV 08-5065, 2008 WL 4384282, at *1 (C.D. Cal. Sept. 10, 2008) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). Due to this presumption, "[c]ourts must 'strictly construe the removal statute against removal jurisdiction.'" *Unterleitner v. Basf Catalysts LLC*, No. 16-cv-00818, 2016 WL 805167, at *2 (N.D. Cal. Mar. 2, 2016) (quoting Gaus, 980 F.2d at 566).

## 2.    The Burden of Removing Any Doubt of Removability Resets with The Party Seeking Removal

In practice, this strict construction of the removal statute creates "a 'strong presumption against removal jurisdiction,' [and so] courts must reject [the case] 'if there is any doubt as to the right of removal in the first instance.'" *Mullin*, 2016 WL 94235, at *2 (quoting Estate of Lhotka, 599 F.3d at 1107). The burden of removing that doubt and "establishing federal jurisdiction rests with the party seeking removal." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (Kennedy, J.); see *Asante v. Ocwen Loan Servicing, LLC*, No. CV16-8281, 2017 WL 111298, at *1 (C.D. Cal. Jan. 11, 2017) ("[T]he party seeking removal always has the burden of establishing that removal is proper.").

**6.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

When referencing doubt as to the correctness of a case's removal, courts in this district have specifically noted that, when doubt still exists as to federal subject matter jurisdiction, "given the strong presumption against removal jurisdiction, the Court must resolve all doubts regarding the propriety of removal in favor of remand." *Asante,* 2017 WL 111298, at *3 (emphasis added). Thus, when the defendant has not removed all doubt, both the Ninth Circuit and California district courts have determined that there is only one option available to the court: to remand the case to the state court. state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (emphasis added); *Bruns v. National Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) ("In a removed action, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" (quoting 28 U.S.C. § 1447(c)) (emphasis in original); *Matheson*, 319 F.3d at 1090 ("Doubts as to removability must be resolved in favor of remanding the case to state court.") (emphasis added); *Unterleitner*, 2016 WL 805167, at *2 ("A district court must remand a removed action 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" (quoting 28 U.S.C. § 1447(c)) (emphasis added); *Perez v. Wells Fargo Bank, N.A*., 929 F.Supp.2d 988, 1000 (N.D. Cal. 2013) ("If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." (quoting in entirety *ARCO Envtl. Remediation v. Dep't of Health & Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000)) (emphasis added*); O'Grady*, 2008 WL 4384282, at *2 ("This Court is obliged to remand if there is any doubt as to the right of removal.").

**7.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

**B.**   **THERE CAN BE NO FEDERAL SUBJECT MATTER JURISDICTION OVER A CASE WHEN COMPLETE DIVERSITY OF CITIZENSHIP DOES NOT EXIST**

The Court has no subject matter jurisdiction over this action as there is doubt to the complete diversity of parties as required for federal subject matter jurisdiction. Thus, the case should be remanded to state court.

Under U.S.C.§1441, '[a] defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court." *Price trustee*, 2017 WL 4511062, at *1. To be filed in federal court, the federal court must have subject matter jurisdiction over the causes of action, which: may arise from either 'federal question jurisdiction; or 'diversity of citizenship' when the amount in controversy exceeds $75,000." Unterleitner, 2016 WL 805167, at *2. WALMART's Notice of Removal is predicated on attempting to establish federal subject matter jurisdiction arising from diversity of citizenship with an amount in controversy exceeding $75,000.

In this case, there is a single Plaintiff, Maria Reyes Rocha, and two named defendants, WALMART and DOE 1. The statuses and identities of Does 1 to 50, are currently unknown to Plaintiff as Defendant has refused to provide responses despite Plaintiff propounding discovery prior to the notice of removal for reasons stated in Defendant's meet and confer letter. See Exhibit 8.

What is germane to the matter at hand is each parties' citizenship. As it pertains to PLAINTIFF, he is a citizen of the State of California. WALMART is a corporation which is incorporated and has it place of business in the State of Washington *see* Exhibit A and C; Dkt. 1, ¶12. [1]. Lastly, as it pertains to DOE 1

---

[1] Under these two factors, it can only be determined that Costco is a citizen of the State of Washington. *See Mullin,* 2016 WL 94235, at *2 (A corporation is deemed a citizen of the state it has been incorporated and the state where it has its principal place of business).

**8.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

PLAINTIFF sets forth the facts in his complaint fairly plainly, PLAINTIFF was injured at WALMART's premises which is located in Fontana, California. See Complaint pg. 4, ¶1, DOE 1 who was employed by WALMART caused the injury by pushing a metal cart into PLAINTIFF See Complaint pg. 4, ¶2., and PLAINTIFF alleges that DOE 1 was a resident of the State of California, See Complaint pg. 4, ¶3.

## 1.  The Court Must Consider the Citizenship of Doe Defendants

Under California statute, plaintiffs are entitled to name Doe Defendants and to amend their Complaint upon the discovery of the identities of the new defendants. See Cal. Code of Civ. Proc. § 474.  And while the sole inclusion of unidentified and undescribed Doe Defendants may lead to the defendants being ignored for diversity jurisdiction purposes, "where the allegations regarding the Doe defendants provide a reasonable indication as to the identity of the defendants, the relationship of the defendants to the cause of action, and the citizenship of the defendants which would destroy diversity jurisdiction, then diversity jurisdiction is lacking." *Fisher v. Direct TV, Inc*., No. CV 13-68, 2013 WL 2152668, at •4. (D Mont. May 16, 2013); see Robinson v, Lowe's Home Centers, No. 1:15-ev-1321, 2015 WL13236883 at * 3 13236883, at *3 (E.D. Cal. Nov. 13, 2015) ("If, however, Plaintiffs' allegations that concern the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the court lacks diversity jurisdiction.").

There is an intra-district dispute as to whether Doe defendants should be included for the purpose of determining diversity jurisdiction. "Some courts have determined that a plain reading of the removal statute requires the courts to completely ignore unnamed parties when determining diversity. Others, instead, examine the specificity with which the plaintiff described the unnamed parties to determine whether that detail is enough to destroy diversity. Chess v. CF Acris IX LLC, No. 20-cv-01625, 2020 WL 4207322, at *3 (N.D. Cal. July 22, 2020).

**9.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

In *Garcia v. Walmart, Inc*. No. 2.22-cv-00371, 2022 WL 769197 (C.D. al. Mar. 16, 2022), the court held that "[p]ursuant to the plain language of the statute and relevant case law, this Court cannot consider the citizenship of…Doe employee until Plaintiff seeks leave to substitute a named defendant." *ID*., at *2. This conclusion is in contravention to known previous holdings from the Central District of California that "distinguish between 'fictitious' and 'real' Does." Id., at *2; *see, e.g*., *Barnes v. WALMART Wholesale Corp*. No. CV 19-7977, 2019 WL 6608735 (C.D. Cal. Dec. 4, 2019). It is further in conflict with the well-established practice of applying state substantive law pursuant to *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938). See Lindley v. General Elec. Co., 780 F.2d 797, 802 (9th Cir. 1986) (determining "California Doe practice" to be a substantive state law to be followed rather than procedural state law to be ignored in favor of federal rules); see also *Gardiner Family, LLC v. Crimson Resource Mgmt. Corp.*, 147 F.Supp.3d 1029, 1035 (E.D. Cal. 2015).

The court in Garcia, relied upon *Soliman v. Philip Morris Inc*. for the notion that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc*., 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. §§ 1441(a), 1447(e)). However, other courts in the Central District of California interpreting Ninth Circuit precedent have found "[a] review of the case law interpreting section 1441 reveals that [this] characterization of the statute is overly simplistic." *Rodas v. WALMART Wholesale Corp*., No. CV 21-7183, 2021 WL 5233526, at *1 (C.D. Cal. Nov. 10, 2021); IDEA Custom Cabinetry & Design, Inc. v. DS Services of America, Inc., No. CV 20-10138, 2021 WL 1020403, at *1 (C.D. Cal. Mar. 16, 2021). "Instead, courts in the Ninth Circuit have synthesized the complex jurisprudence on whether courts may consider the citizenship of fictitious defendants for removal jurisdiction purposes into the following rule state: '[t]he question…becomes whether the Plaintiff's description of Doe defendants or their

**10.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

activities is specific enough as to suggest their identity, citizenship, or relationship to the action.'" *Rodas*, 2021 WL 5233526, at *2

The question before the Court therefore "becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Barnes*, 2019 WL 6608735, at *2 (quoting in entirety *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F.Supp.3d 1029, 1036 (E.D. Cal. Sept. 24, 2015)). "[C]ourts have found this [requirement] is satisfied where an individual was specifically identified as performing a particular job function. A definite clue may also be shown by providing specifics regarding location, dates, and particular events." See *Sandoval v. Republic Services, Inc.*, No 2:18-cv-01224, 2018 WL 1989528, at * 4 (C.D. Cal. Apr. 24, 2018). In *Yehuda Loya v. WALMART Wholesale Corp.*, No. CV 20-9354, 202 WL 7247782 (C.D. Cal. Dec. 9, 2020), the court found to be sufficient to defeat diversity allegations that the Doe employee resides in Los Angeles County; either managed or worked at the relevant premises on the day of the incident; maintained, repaired, and occupied the store; and contributed to the plaintiff's injuries by permitting an unsafe condition and not taking corrective action.

**2.  Plaintiff Properly Named DOE 1 as a Defendant in this Case**

In its Notice of Removal, WALMART claims that that "For purposes of removal, 'the citizenship of defendants sued under fictitious names shall be disregarded…" at which time they cite to 28 U.S.C. §1441(b)(1) and 28 U.S.C. §1441 (a). Notice of Removal 1, ¶12. However, as stated from a holding from this District, "[a] review of the case law interpreting section 1441 reveals that [such a] characterization of its import is overly simplistic." *See Barnes,* 2019 WL 6608735 (C.D. Cal. Dec 4, 2019) , at *2. As discussed supra, Plaintiffs properly identify Doe defendants for the purposes of diversity when description of Does and their activities are specific enough as to suggest their identity, citizenship, or relationship to the action, including locations, dates, and particular events.

**11.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

In the instant case, PLAINTIFF meets the standards set forth by the aforementioned cases, Plaintiff alleges specific information to identify DOE 1, his job function, the location, the date of the incident, DOE 1's relationship to the action, how DOE 1 contributed to PLAINTIFF's injuries, and DOE 1's citizenship. Specifically, Plaintiff alleged "that all times relevant herein, Defendant Doe 1 was a resident of the State of California" and even included in his allegation that the specific job function that resulted in the injury to Plaintiff's persons indicating that "Defendant Doe 1 while in the course and scope of his employment and/or agency for said Defendants, negligently, carelessly, wrongfully, and recklessly collided a metal cart that he was operating into Plaintiff." See Dkt. 3; see Complaint pg. 4, ¶2-3. Further, the Complaint provided the specifics regarding date, location, and particular events. Complaint pg. 4, ¶1. As all that is required for a fictitious defendant to be considered for diversity jurisdiction purposes is that "the Complaint must provide a 'definite clue as to the Defendant's identity." *Sandoval,* 2018, WL 1989528, at *4. Plaintiff has sufficiently described Doe 1 so as to suggest his identity, citizenship, and/or relationship to this case.

### 3. There is Doubt as to Complete Diversity of The Parties In This Action and Therefore this Court Must Remand This Case to State Court

"Jurisdiction founded on 28 U.S.C. §1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." Matheson, 319 F.3d at 1090. The Supreme Court has repeatedly held "that §1332(a) requires complete diversity, where '[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity over the entire action." *Abrego v. Dow Chem. Co*, 443 F.3d 676, 679 (9th Cir. 2006) quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553 (2005)); s*ee Barnes,* 2019 WL 6608735, at *1 ("Diversity jurisdiction under 28 U.S.C. 1332 requires that all

**NOTICE OF MOTIONS AND MOTION TO REMAND**

all plaintiffs in a suit be of diverse citizenship from all defendants.").

Thus, for complete diversity to exist, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLV v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). However, as illustrated supra, that is not the case here. While PLAINTIFF is a citizen of California (see Exhibit A, Response to Form Interrogatory No. 2.5) and WALMART of Washington (see Notice of Removal ¶12), Defendant DOE 1 is also a citizen of California (See Complaint, pg. 4, ¶3). Therefore, WALMART's removal is in doubt as the same is in contravention to the idea that the "diversity upon which removal is predicated must be complete and should generally be determined from the face of the complaint." Miller v. *Grgurich,* 763 F.2d at 373.

Therefore, because both Plaintiff and a Defendant, DOE 1, share the same citizenship, complete diversity does not exist, and the Court does not have subject matter jurisdiction over this action. As the Court does not have subject matter jurisdiction over this action, by statute, "the case shall be remanded." 28 U.S.C. § 1447 (c); see *Price trustee*, 2017 WL 4511062, at *1 ("The district court must remand the case '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.")

## C. WALMART'S NOTICE OF REMOVAL IS DEFECTIVE AND PLAINTIFF's MOTION TO REMAND IS TIMELY DUE TO WALMART'S FAILURE TO PROVIDE PLAINTIFF WITH DISCOVERY RESPONSES

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded." (28 U.S.C. § 1447).

**13.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

The Ninth Circuit court held that "where the identity of alleged defendants will not be known prior to the filing of a complaint […] in such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants" *Gillespie v. Civiletti*, 629 F.2d 637, 642; *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir.1978), cert. denied, 439 U.S. 970, 99 S. Ct. 464, 58 L. Ed. 2d 431 (1978); see, *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430-431 n.24 (9th Cir.1977); also, *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 2390 n.13, 57 L. Ed. 2d 253 (1978)

## D.    WALMART'S REMOVAL IS IN CONTRVENTION TO THE VOLUNTARY/INVOLUNTARY RULE

"[W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic: instead, removability is governed by the "voluntary/involuntary rule." *People of State of Cal. By and Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). The voluntary/involuntary rule "provides that a suit which, at the time of filing, could not have been brought in federal court must 'remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable.'" *Ibid. (quoting Self v. General Motors*, 588 F.2d 655, 657 (9th Cir. 1978)).

This case implicates the voluntary/involuntary rule because the Complaint could not have been filed in federal court due to the lack of complete diversity amongst the parties, but now, without any voluntary action by Plaintiff, WALMART is attempting to remove the case to this Court. At the time of filing, and at the time of WALMART's Notice of Removal, there was not complete diversity of the parties. At no time during the pendency of this case has there been complete diversity of the parties.

In the Notice of Removal, WALMART states that, upon receiving Plaintiff's written discovery responses and Complaint, "the jurisdictional amount in controversy of this Court is exceeded." Dkt. 1, Notice of Removal ¶ 5-13. But responding to written

**15.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

discovery is not the type of "voluntary" action to which the courts were referring; instead, "[w]here a case is not removable when commenced, the case can only become removable on diversity grounds 'by the voluntary dismissal or nonsuit by[plaintiff] of a party or of parties defendant.'" *Mullin*, 2016 WL 94235, at *3 (quoting Self, 588 F.2d at 659).

This case was not removable at the time of filing due to a non-diverse defendant. Thus, as a court in this district stated in *Mullin*, the only way that this case could become removable based on diversity grounds would be through voluntary dismissal or nonsuit by the plaintiff or the defendant destroying complete diversity. That has not happened here. Thus, "[s]ince a voluntary act by the plaintiff has not rendered the case removal, it must remain in state court." *Keating*, 986 F.2d at 34.

## III.    **CONCLUSION**

Here, WALMART has not met its burden. To stay in federal court, WALMART was required to remove all doubts regarding removal, and it has not done so. At the time the Complaint was filed, at the time of WALMART's Notice of Removal was filed, and at the current time, there was/is not complete diversity of the parties. Furthermore, prior to the date of the removal discovery was propounded by Plaintiff to afford Plaintiff with the opportunity to identify the actual name of DOE 1, which WALMART has refused to provide to date. Thus, for the aforementioned reasons, Plaintiff respectfully requests the Court to remand this case back to the Superior Court of California, County of Los Angeles.

Dated: November 17, 2025          **WESTSIDE INJURY LAWYERS**


 /s/ Dmitri N. Chtyrev
_____
**DMITRI N. CHTYREV, ESQ.,**
Attorney for Plaintiff



**15.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

## <u>DECLARATION OF DIMITRI CHTREV, ESQ.</u>

I, Dmitry Chtrev, Declare:

1. I am the Attorney for the Plaintiff. The facts contained in this case are true to my knowledge except where otherwise specified, in which case I am informed and believe and thereon allege such facts to be true.

2. If called to testify as to these matters I am willing and able to do so.

3. On January 13, 2025, I initiated this action in the Superior court of California, County of Los Angeles. On serving the Defendant, they subsequently answered. A true and correct copy of this complaint is attached as EXHIBIT A.

4. On November 10, 2025 I attempted to file an amendment to complaint with the court adding DOE 1 to the case, who was meant to be an individual manager or employee who caused or was negligent regarding the INCIDENT this case concerns. A true and correct copy of this amendment is attached as EXHIBIT B.

5. Shortly after they answered, Defendant removed the matter to Federal Court.

6. Plaintiff has not been able to propound discovery and determine the identities of the employees or manager involved in the INCIDENT, and thus the DOEs remain active.

7. Despite numerous requests, Defendant has not provided the name of the WALMART manager. Defendant's discovery responses remain outstanding.

8. As there are DOE defendants who are likely residents of California, this case should be remanded back to the County of Los Angeles

**16.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

I declare under Penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2025 in Pasadena, CA

/s/ Dmitri N. Chtyrev

Dmitri Chtrev

**16.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**16.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**16.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME: DMITRI N. CHTYREV, ESQ.   STATE BAR NUMBER: 266591<br>FIRM NAME: WESTSIDE INJURY LAWYERS<br>STREET ADDRESS: 147 WAVERLY DRIVE, SUITE A<br>CITY: PASADENA   STATE: CA   ZIP CODE: 91105<br>TELEPHONE NO.: (213) 536-0789   FAX NO.: (213) 536-0233<br>EMAIL ADDRESS: WestsideInjuryLawyers.com<br>ATTORNEY FOR (name): MARIA REYES ROCHA, Plaintiff | *FOR COURT USE ONLY*<br>**Electronically FILED by Superior Court of California, County of Los Angeles 1/13/2025 12:52 PM David W. Slayton, Executive Officer/Clerk of Court, By T. Tang, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 12720 Norwalk Blvd.
MAILING ADDRESS: 12720 Norwalk Blvd.
CITY AND ZIP CODE: Norwalk   90650
BRANCH NAME: Norwalk Courthouse, Southeast Judicial District

PLAINTIFF: MARIA REYES ROCHA

DEFENDANT: WALMART INC., and :

[X] DOES 1 TO ___ 20

| | |
|---|---|
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED *(Number):*<br>**Type** *(check all that apply):*<br>[ ] MOTOR VEHICLE  [X] OTHER *(specify):* Premises Liability<br>   [ ] Property Damage  [ ] Wrongful Death<br>   [X] Personal Injury  [X] Other Damages *(specify):* Pain and suffering<br>**Jurisdiction** *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE *(does not exceed $35,000)*<br>   Amount demanded  [ ] does not exceed $10,000<br>                   [ ] exceeds $10,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE *(exceeds $35,000)*<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>   [ ] from limited to unlimited<br>   [ ] from unlimited to limited | CASE NUMBER:<br>**25NWCV00136** |

1. **Plaintiff** *(name or names):* MARIA REYES ROCHA

   alleges causes of action against **defendant** *(name or names):* WALMART INC., and DOES 1 to 20

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   - a. [ ] **except plaintiff** *(name):*
     - (1) [ ] a corporation qualified to do business in California.
     - (2) [ ] an unincorporated entity *(describe):*
     - (3) [ ] a public entity *(describe):*
     - (4) [ ] a minor  [ ] an adult
       - (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
       - (b) [ ] other *(specify):*
     - (5) [ ] other *(specify):*
   - b. [ ] **except plaintiff** *(name):*
     - (1) [ ] a corporation qualified to do business in California.
     - (2) [ ] an unincorporated entity *(describe):*
     - (3) [ ] a public entity *(describe):*
     - (4) [ ] a minor  [ ] an adult
       - (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
       - (b) [ ] other *(specify):*
     - (5) [ ] other *(specify):*
   - [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>www.courts.ca.gov<br><br>*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: ROCHA vs. WALMART INC. | CASE NUMBER: 25NWCV00136 |
|---|---|

4. ☐ Plaintiff *(name):*

  is doing business under the fictitious name *(specify):*

  and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☒ **except** defendant *(name):* WALMART INC     c. ☐ **except** defendant *(name):*

     (1) ☐ a business organization, form unknown.    (1) ☐ a business organization, form unknown.

     (2) ☒ a corporation.    (2) ☐ a corporation.

     (3) ☐ an unincorporated entity *(describe):*    (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*    (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*    (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*     d. ☐ **except** defendant *(name):*

     (1) ☐ a business organization, form unknown.    (1) ☐ a business organization, form unknown.

     (2) ☐ a corporation.    (2) ☐ a corporation.

     (3) ☐ an unincorporated entity *(describe):*    (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*    (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*    (5) ☐ other *(specify):*

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☒ Doe defendants *(specify Doe numbers):*   From 1 to 10   were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. ☒ Doe defendants *(specify Doe numbers):*   From 11 to 20   are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.

  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.

  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**

  a. ☐ has complied with applicable claims statutes, **or**

  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROCHA vs. WALMART INC. | 25NWCV00136 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    a. ☐ Motor Vehicle

    b. ☒ General Negligence.

    c. ☐ Intentional Tort

    d. ☐ Products Liability

    e. ☒ Premises Liability

    f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

    a. ☒ wage loss.

    b. ☐ loss of use of property.

    c. ☒ hospital and medical expenses.

    d. ☒ general damage.

    e. ☐ property damage.

    f. ☒ loss of earning capacity.

    g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

    a. ☐ listed in Attachment 12.

    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. (1) ☒ compensatory damages.

       (2) ☐ punitive damages.

    b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

       (1) ☒ according to proof.

       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: January 10, 2025

_____
DMITRI N. CHTYREV, ESQ.
(TYPE OR PRINT NAME)

▶ *(signature)*

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]      **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**      Page 3 of 3

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001(2)

| SHORT TITLE:<br><br>ROCHA vs. WALMART INC. | CASE NUMBER:<br><br>25NWCV00136 |
| --- | --- |

FIRST     **CAUSE OF ACTION—General Negligence**    Page   4
(number)

ATTACHMENT TO   [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* **MARIA REYES ROCHA**

     alleges that defendant *(name):* WALMART INC., and

         [X] Does    1    to    20

     was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

     on *(date):* January 13, 2023

     at *(place):* Walmart Supercenter, located at 9001 Apollo Way, Downey, CA 90242

     *(description of reasons for liability):*

At the time and place listed above, Plaintiff Rocha was at the Defendants' store, near the aisle with drinks section. Suddenly and negligently, two store employees, who were stacking glass bottled sodas, shattered 6 packs of bottled sodas, hitting Plaintiff. As a result of the incident, Plaintiff was seriously injured. Defendants failed to monitor and maintain their property in a safe and non-dangerous manner. The resultant incident caused Plaintiff to incur personal injury, medical expenses, pain and suffering.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

PLD-PI-001(4)

| SHORT TITLE: ROCHA vs. WALMART INC. | CASE NUMBER: 25NWCV00136 |
|---|---|

SECOND _____ **CAUSE OF ACTION—Premises Liability**      Page ___5___
(number)

ATTACHMENT TO  [X] Complaint      [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* MARIA REYES ROCHA
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* January 13, 2023      plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):*
Plaintiff Rocha was at the Defendants' store, near the aisle with drinks section. Suddenly and negligently, two store employees, who were stacking glass bottled sodas, shattered 6 packs of bottled sodas, hitting Plaintiff. As a result of the incident, Plaintiff was seriously injured. Defendants failed to monitor and maintain their property in a safe and non-dangerous manner. The resultant incident caused Plaintiff to incur personal injury, medical expenses, pain and suffering.

Prem.L-2.   [X]   **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):* WALMART INC., and

[X] Does ___1___ to ___20___

Prem.L-3.   [X]   **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):* WALMART INC., and

[X] Does ___1___ to ___20___

Plaintiff, a recreational user, was [ ] an invited guest  [X] a paying guest.

Prem.L-4.   [ ]   **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X]  **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):* WALMART INC., and

[X] Does ___1___ to ___20___

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**16.**

**NOTICE OF MOTIONS AND MOTION TO REMAND**

Electronically Received 11/10/2025 03:20 PM

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Dmitri N. Chtyrev, Esq. | 266591 | |

Dmitri N. Chtyrev, Esq.
WESTSIDE INJURY LAWYERS
147 WADERLY DRIVE, SUITE A
PASADENA, CA 91105

STATE BAR NUMBER
266591

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/10/2025 3:20 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By H. Chavez, Deputy Clerk

ATTORNEY FOR (Name): MARIA REYES ROCHA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
12720 NORWALK BLVD., NORWALK, CA 90650

PLAINTIFF:
MARIA REYES ROCHA

DEFENDANT:
WALMART INC., and DOES 1 to 20

| AMENDMENT TO COMPLAINT (Fictitious /Incorrect Name) | CASE NUMBER: 25NWCV00136 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME
*John Doe, A California Resident*

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE 11/10/2025 | TYPE OR PRINT NAME DMITRI N. CHTYREV, ESQ. | SIGNATURE OF ATTORNEY *Chtyrev* |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474