Jeffrey M. Lenkov (State Bar No. 156478)
jlenkov@zellaw.com
Halley B. Thiel (State Bar No. 348241)
hthiel@zellaw.com
**ZELMS ERLICH LENKOV**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (213) 647-4679
Facsimile: (818) 999-9155

Attorneys for Defendant, WALMART, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

MARIA REYES ROCHA, an individual,

Plaintiffs,

v.

WALMART INC., and DOES 1 to 20;

Defendants.

Case No. 2:25-cv-01185-DSF-AGR

**OPPOSITION TO MOTION TO REMAND**

Date:  January 5, 2026
Time:  1:30 PM
Ctrm:  7D

Defendant Walmart, Inc., opposes Plaintiff's Motion to Remand [Docket No. 24] as follows:

**1.     AS THE COURT IS REQUIRED TO REQUIRE THE ALLEGED CITIZENSHIP OF DOE DEFENDANTS FOR REMOVAL PURPOSES. THE CASE WAS PROPERLY REMOVED BASED ON DIVERSITY**

This Court recently stated in *Leyva v. Old Dominion Freight Line, Inc.*, CV 24-05234 PSG (BFMx), 2024 U.S. Dist. LEXIS 162827, at *4 (C.D. Cal. September 10, 2024) as follows:

"Whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill. Inc. v. Visa Inc.*. 856 F.3d 1274, 1277 (9th Cir. 2017). Indeed. 28 U.S.C. § 1441 renders Doe defendants irrelevant for removal purposes unless and until a plaintiff seeks leave to substitute a named defendant in federal court. 28 U.S.C. § 1441: see. e.g.. *Soliman v. Philip Morris Inc.*. 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and

- 1 -

becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Garcia v. Walmart, Inc.*, No. 2:22-cv-00371-SVW (MRWx), 2022 U.S. Dist. LEXIS 47239, 2022 WL 796197, at \*2-3 (C.D. Cal. Mar. 16, 2022) ("Accordingly, only when Plaintiff 'seeks leave to substitute a named defendant' will the citizenship question become relevant" on a remand motion).

In Plaintiff's Form Complaint, Plaintiff alleges that Does 1 to 10 "were the agents or employees of other named defendants and acted within the scope of that agency or employment." (Complaint, ¶6). Further, in Paragraphs GN-1 and Prem.L-1, Plaintiff alleges that two store employees were negligently stacking glass bottled sodas, which shattered and hit Plaintiff. There are no allegations <u>anywhere</u> in the Complaint that any of the Doe Defendants allegedly are residents or citizens of California.

However, even if, as Plaintiff asserts in the motion, the person she intends to identify as Doe Defendant #1 is a "resident" of California, *Orozco v. Ford Motor Co.*, CV 25-9760-PA (PDx), 2025 U.S. Dist. LEXIS 222903, \*5-6 (C.D. Cal. Nov. 12, 2025) notes that:

> Under longstanding Ninth Circuit precedent, it is clear that residence is physical, whereas domicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode. See, e.g., *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of Plaintiff's residence are insufficient to plausibly allege Plaintiff's citizenship. See *Kanter*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.).

Further, as noted in *Johnson v. Walmart, Inc.*, 2:21-cv-08662-ODW (GJSx) 2022 U.S. Dist. LEXIS 116402, \*6, fn. 2: "a person's place of employment alone does not implicate their citizenship status. See *Garcia v. Walmart, Inc.*, No. 2:22-cv-00371-SVW-MRW, 2022 U.S. Dist. LEXIS 47239, 2022 WL 796197, at \*3 (C.D. Cal. March 16, 2022) ('[A] person's place of employment does not certainly

- 2 -

OPPOSITION TO MOTION TO REMAND

implicate their citizenship status, especially in a state as diverse as California comprised of out-of-state college students, immigrants from different countries and many other multinationals.' (internal quotation marks omitted))."

Accordingly, on the basis of the pleadings at the time of removal, Defendant's removal was proper.  Should Plaintiff desire to file a Motion for Leave to File an Amended Complaint to add information about Doe Defendant #1 along with a request to remand the case based on the destruction of diversity, she may do so when and if appropriate.  However, Plaintiff's anticipation that she will eventually be able to demonstrate that Doe Defendant #1 is a citizen of California does not justify removal at this time.   Accordingly, the Court must deny Plaintiff's motion to remand.

**2.      PLAINTIFF DID NOT COMPLY WITH LOCAL RULE 7-3 BEFORE FILING THIS MOTION**

Local Rule 7-3 of this Court states:

In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4), applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, and motions to retax costs under L.R. 54-2.5, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion.  If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied.

Plaintiff's counsel conducted the conference of counsel required by this rule on November 19, 2025, and thereafter immediately filed the Motion on that date, rather than waiting for seven days.  Moreover, the motion does not contain the required declaration from Plaintiff's counsel establishing compliance with Local Rule 7-3.  For these reasons also, the Court must deny the motion.

- 3 -

**3.     CONCLUSION**

For the foregoing reasons, the Court must deny Plaintiff's Motion to Remand.

DATED:  November 21, 2025          **ZELMS ERLICH LENKOV**

By:  _____

Jeffrey M. Lenkov, Esq.
Halley B. Thiel, Esq.
Attorneys for Defendant WALMART INC.

- 4 -

**OPPOSITION TO MOTION TO REMAND**

**DECLARATION OF HALLEY B. THIEL**

I, Halley B. Thiel, declare as follows:

1.      I am a member of the State Bar of California and duly admitted to practice before this Court.  I am an associate of Zelms Erlich Lenkov, counsel of record for Defendant Walmart, Inc.

2.      The facts declared herein are true of my own knowledge and, if called upon, I could and would testify competently thereto.

3.      Plaintiff Maria Reyes Rocha's counsel, Dmitri N. Chtyrev, Esq., conducted the Conference of Counsel required by Local Rule 7-3 with me on November 19, 2025, and thereafter filed the Motion on the same date, rather than waiting seven days as required by the Rule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 21, 2025.

By: _____

Halley B. Thiel, Esq.

- 5 -

**OPPOSITION TO MOTION TO REMAND**