# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA REYES ROCHA, an individual,<br>         Plaintiff,<br><br>              v.<br><br>WALMART, INC.,<br>         Defendant. | 2:25-cv-01185-DSF-AGR<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 24) |

   Defendant Walmart, Inc. removed this negligence and premises liability action on the basis of diversity jurisdiction.  Dkt. 1 (NOR).  Plaintiff Maria Reyes Rocha moves to remand.  Dkt. 24 (Mot.).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  Rocha's motion is DENIED.

## I. Background

   On January 13, 2025, Rocha filed her complaint in California Superior Court, alleging that while she was at a Walmart Superstore, "two store employees, who were stacking glass bottled sodas, shattered 6 packs of bottled sodas, hitting Plaintiff," resulting in serious injury.  Dkt. 1-1 at 8, 9.  Rocha named Walmart as a defendant and alleged Does 1 to 20 as defendants unknown to her.  Id. at 6.  The complaint describes Does 1 to 10 as "agents or employees of other named defendants and acted within the scope of that agency or employment," and Does 11 to 20 as "persons whose capacities are unknown to plaintiff."  Id.

Walmart removed this action on February 11, 2025. Dkt. 1. On May 21, 2025, the Court dismissed all fictitiously named defendants, leaving Rocha and Walmart the only remaining parties. Dkt. 13. Since then, neither party has moved this Court to add parties. On November 10, 2025, Rocha filed a complaint amendment in California Superior Court, purporting to add "John Doe, A California Resident" as a defendant. Decl. of "Dimitri [sic] Chtrev [sic]" (Chtyrev Decl.) (Dkt. 24 at 20), Ex. B (Dkt. 24 at 29);[1] Chtyrev Decl. ¶ 4. On November 19, 2025, Rocha filed the instant motion, seeking remand.[2]

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a).

For federal jurisdiction based on diversity of citizenship, the "matter in controversy" must "exceed[] the sum or value of $75,000, exclusive of interest and costs," and be between "citizens of different States." 28 U.S.C. § 1332(a).

Once a case has been removed, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). "The state court 'los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void.'" Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano, 589 U.S. 57, 63-64 (2020)

---

[1] The Court's Standing Order requires "declarations, exhibits, or other attachments" to be filed as "separately docketed attachment[s] to the main docket entry." Dkt. 7 at 2. Rocha's motion failed to follow the Court's Standing Order.

[2] Walmart opposed the motion. Dkt. 25. Any reply was due by December 22. None has been filed.

(alteration in original) (quoting Kern v. Huidekoper, 103 U.S. 485, 493 (1881)).

### III. Discussion

Rocha argues only that there is no complete diversity between the parties. Mot. at 8-13. Rocha concedes Rocha and Walmart are diverse.³ Mot. at 8. That, however, does not end the inquiry.

Under the "voluntary/involuntary rule," "a suit which, at the time of filing, could not have been brought in federal court must 'remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable.'" California ex rel. Lungren v. Keating, 986 F.2d 346, 348 (9th Cir. 1993) (quoting Self v. Gen. Motors Corp., 588 F.2d 655, 657 (9th Cir. 1978)). Because Rocha did not voluntarily dismiss the Doe defendants who were originally in this action, the Court must analyze whether the presence of those Doe defendants defeated removability. See id. (explaining applicability of the voluntary/involuntary rule to diversity jurisdiction and citing Self, 588 F.2d at 657-60).⁴

---

³ Rocha states, "As it pertains to PLAINTIFF, he [sic] is a citizen of the State of California. WALMART is a corporation which is incorporated and has it [sic] place of business in the State of Washington[.]" Mot. at 8. She also states that "PLAINTIFF is a citizen of California (see Exhibit A, Response to Form Interrogatory No. 2.5) and WALMART of Washington (see Notice of Removal ¶12)." Mot. at 13. First, Rocha cites to exhibits that are not provided and paragraphs that do not support her assertions. Second, Walmart states in its notice of removal that it is "a citizen of the State of Arkansas, formed under the laws of the State of Arkansas, with its principal place of business and headquarters in Bentonville, Arkansas." NOR ¶ 8. In a footnote, Rocha refers to Washington as *Costco's* state of citizenship, but Costco is not a party to this action. Mot. at 8 n.1. Regardless of Rocha's error, Walmart and Rocha are "citizens of different states" for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(a).

⁴ Rocha argues that her discovery responses, indicating that the amount in controversy exceeded the jurisdictional requirement, were not a "voluntary"

3

"In determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Ninth Circuit has read § 1441(b)(1) in conjunction with § 1447(e)[5] to hold: "When it comes to removal, '[t]he citizenship of fictitious defendants is disregarded . . . and becomes relevant *only if and when* the plaintiff seeks leave to substitute a named defendant.'" Ma v. Bank of Am., N.A., No. 24-3567, 2025 WL 2180792, at *3 (9th Cir. Aug. 1, 2025) (unpublished) (alteration in original) (quoting Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002)); see also Rojas ex rel. Rojas v. Sea World Parks & Ent., Inc., 538 F. Supp. 3d 1008, 1017 (S.D. Cal. 2021) ("[N]ot only does the text of Section 1441 indicate courts should disregard doe defendants, but the legislative history corroborates the conclusion that the Legislature enacted Section 1441 in direct response to the general rule in California that doe defendants defeated diversity jurisdiction[.]").

Despite the plain language of the statute and Ninth Circuit authority, Rocha contends the citizenship of Doe defendants should be considered. First, Rocha argues that disregarding the citizenship of Doe defendants is "in conflict with the well-established practice of

---

action rendering the case removable under the voluntary/involuntary rule. Mot. at 15-16. Rocha cites no authority for that application of the voluntary/involuntary rule. And it is axiomatic that a defendant may remove a case if the defendant can plausibly allege the requisite jurisdictional requirements, including an amount in controversy exceeding the jurisdictional amount, even where "the plaintiff's complaint does not state the amount in controversy." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84, 89 (2014); see also id. at 89 ("Discovery may be taken with regard to that [amount in controversy] question." (quoting H.R. Rep. No. 112-10, p. 16 (2011))).

[5] 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

4

applying state substantive law pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938)." Mot. at 10. She also cites Lindley v. Gen. Elec. Co., 780 F.2d 797, 802 (9th Cir. 1986) for the proposition that "California Doe practice" is "a substantive state law to be followed rather than procedural state law to be ignored in favor of federal rules."

Erie itself, however, contains an exception to its rule that state law applies in diversity cases, namely, "[e]xcept in matters governed by the Federal Constitution or by acts of Congress." 304 U.S. at 78. In such cases, "when the federal law sought to be applied is a congressional statute, the first and chief question for the district court's determination is whether the statute is 'sufficiently broad to control the issue before the court.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 26 (1988) (quoting Walker v. Armco Steel Corp., 446 U.S. 740, 749-50 (1980)). "This question involves a straightforward exercise in statutory interpretation to determine if the statute covers the point in dispute." Id. "If the district court determines that a federal statute covers the point in dispute, it proceeds to inquire whether the statute represents a valid exercise of Congress' authority under the Constitution." Id. at 27. "If Congress intended to reach the issue before the District Court, and if it enacted its intention into law in a manner that abides with the Constitution, that is the end of the matter[.]" Id.

Lindley considered whether the plaintiffs were time-barred from amending their complaint to add a named defendant when their complaint had alleged Doe defendants. 780 F.2d at 798-99. The Ninth Circuit found that California law "provide[d] the functional equivalent of a limitations period of up to four years." Id. at 800 (citation omitted). As there was no federal limitations period with respect to plaintiffs' claims, there was no conflict between federal and state law, and California's limitations period applied. Id. at 801.

28 U.S.C. 1441(b)(1), however, squarely "control[s] the issue before the Court," id. at 801 (quoting Walker, 446 U.S. at 749-50), namely, whether Doe defendants should be disregarded in determining removability based on diversity jurisdiction. And the Ninth Circuit has applied the statutory provision without questioning its

5

constitutionality.  E.g., Soliman, 311 F.3d at 971; Ma, 2025 WL 2180792, at *3.  Because the statute is constitutional under binding precedent, "that is the end of the matter," and state law does not apply.  Stewart, 487 U.S. at 27.

    Second, Rocha notes that there is a split in the courts of this district regarding whether the citizenship of Doe defendants should be considered at all.  Mot. at 11.  Rocha argues that this Court should follow the courts that do consider Doe defendants, applying the analysis of Gardiner Family, LLC v. Crimson Resource Management Corporation, 147 F. Supp. 3d 1029, 1035-36 (E.D. Cal. 2015); that is, "whether the Plaintiffs' description of Doe Defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action."  Id. (quoting Barnes v. Costco[6] Wholesale Corp., No. CV 19-7977-DMG (JPRx), 2019 WL 6608735, at *2 (C.D. Cal. Dec. 4, 2019) (quoting Gardiner, 147 F. Supp. 3d at 1035-36)).[7]

---

[6] Rocha's brief appears to have replaced all instances of "Costco" in the names of the cases it cites with "WALMART."

[7] In addition to Barnes, Rocha cites the following cases that rely on Gardiner: Rodas v. Costco Wholesale Corp., No. CV 21-7183-DMG (GJSx), 2021 WL 5233526, at *2 (C.D. Cal. Nov. 10, 2021); Chess v. CF Arcis IX LLC, No. 20-cv-01625-CRB, 2020 WL 4207322, at *3 (C.D. Cal. July 22, 2020) (applying Gardiner in the alternative) (this citation is incorrect; this is a Northern District case); IDEA Custom Cabinetry & Design, Inc. v. DS Servs. of Am., Inc., No. CV 20-10138-DMG (RAOx), 2021 WL 1020403, at *2 (C.D. Cal. Mar. 16, 2021); Yehuda Loya v. Costco Wholesale Corp., No. CV 20-9354-DMG (JCx), 2020 WL 7247782, at *2 (C.D. Cal. Dec. 9, 2020).

The only case Rocha cites that does not rely on Gardiner is Sandoval v. Republic Servs., Inc., No. 2:18-cv-01224-ODW (KSx), 2018 WL 1989528 (C.D. Cal. Apr. 24, 2018).  Mot. at 11.  But Sandoval relies on a line of cases that traces back to one "that predated the addition of the language to § 1441 instructing courts to disregard fictitious names."  Brooks v. Cox Comm'cns, LLC, Civil Action No. 18-376, 2018 WL 6445178, at *2 (E.D. La. Dec. 10, 2018).

Notwithstanding the cases Rocha cites, "other courts within this District" have found "that the citizenship of doe defendants, regardless of the detail or specificity with which it is alleged, must be disregarded" based on the plain language of the statute. Ma v. Bank of Am., N.A., No. CV 23-09456-MWF (AGRx), 2024 WL 2880205, at *2 (C.D. Cal. May 6, 2024) (quoting Rojas, 538 F. Supp. 3d at 1014-23), rev'd in part on other grounds, 2025 WL 2180792 (9th Cir. Aug. 1, 2025); see also Garcia v. Walmart, Inc., No. 2:22-cv-00371-SVW-MRW, 2022 WL 796197, at *2 (C.D. Cal. Mar. 16, 2022) ("Pursuant to the plain language of the statute and relevant case law, this Court cannot consider the citizenship of Doe Manager and Doe Employee until Plaintiff seeks leave to substitute a named defendant."); Goldsmith v. CVS Pharmacy, Inc., No. CV 20-00750-AB (JCx), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020) ("[T]he Court finds that the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage."). And the Ninth Circuit has affirmed at least one such court. See Ma, 2025 WL 2180792, at *2 (affirming the district court's determination that "Jane Doe's citizenship" was "irrelevant" as well as its denial of jurisdictional discovery).

Moreover, Gardiner did not concern removability but whether the court had original federal jurisdiction under 28 U.S.C. § 1332(a)(1). 147 F. Supp. 3d at 1030. The plaintiffs in that case originally filed their complaint, including Doe defendants, in federal court. Id. The defendants sought to dismiss the complaint for lack of jurisdiction, relying on Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 981 (9th Cir. 1980), which held "that mere presence of Doe defendants destroys diversity jurisdiction" in cases originally filed in federal court. Gardiner, 147 F. Supp. 3d at 1030-32. The plaintiffs argued, citing Lindley, that the Doe defendants did not destroy diversity because California's so-called "Doe" statutes were "substantive law" to be applied by courts sitting in diversity, and that application of Garter-Bare would run contrary to the Erie doctrine. Id. at 1032.

The court agreed with the plaintiffs, finding that Lindley contradicted Garter-Bare and noting that the defendants' position would render Lindley meaningless "because it would produce the

perverse result that 'would-be federal plaintiffs, who seek to exercise their rights under the state Doe statutes, would, paradoxically, be confined to state court.'" Id. at 1033 (quoting Macheras v. Ctr. Art Galleries-Haw., Inc., 776 F. Supp. 1436, 1439-40 (D. Haw. 1991)). Consequently, the court held that "[p]laintiffs' use of fictional defendants d[id] not destroy diversity and d[id] not divest the district court of jurisdiction." Id. at 1035. The court adopted a wait-and-see approach and "defer[red] the jurisdictional question until actual parties [were] substituted." Id. (quoting Hao v. Chen, No. 10-CV-00826-LHK, 2010 WL 3910165, at *4 (N.D. Cal. Oct. 5, 2010)).[8]

The court also ruled in the alternative that "[e]ven if Garter-Bare governed," there was an exception to the rule that the presence of Doe defendants destroyed diversity in cases originally filed in federal court. Id. at 1035-36. Doe defendants would destroy diversity only where "the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." Id. at 1036. Because "Plaintiffs' Complaint [gave] no reasonable indication as to the Doe defendants' relationship to the action," the court found the exception to Garter-Bare applied and retained jurisdiction. Id.

In effect, Rocha urges the Court to apply this latter Garter-Bare analysis to the Doe defendants she alleges. Mot. at 11. But given the distinct posture of Gardiner and its analysis of Doe defendants as an exception to Garter-Bare's rule against Doe pleading in originally filed diversity cases, the Court does not find persuasive the cases Rocha cites extending that analysis to the removal context.

Rocha also argues that there are "two named defendants, WALMART and DOE 1." Mot. at 8. First, "DOE 1" appears to be a

---

[8] This wait-and-see approach is similar to the one articulated by the Ninth Circuit in the removal context: that "[t]he citizenship of fictitious defendants is disregarded . . . and becomes relevant *only if and when* the plaintiff seeks leave to substitute a named defendant." Ma, 2025 WL 2180792, at *3 (alteration in original) (quoting Soliman, 311 F.3d at 971).

fictitious name and is therefore disregarded in determining removability. 28 U.S.C. § 1441(b)(1). Even if the Court were to consider "DOE 1," the "DOE 1" Rocha describes in her motion does not appear in her complaint. Rocha cites to her complaint for the propositions that "DOE 1[,] who was employed by WALMART[,] caused the injury by pushing a metal cart into PLAINTIFF" and "DOE 1 was a resident of the State of California." Mot. at 9. But the complaint neither mentions where DOE 1 resides nor a metal cart.[9] It appears that on November 10, 2025, Rocha tried to file an amendment to her complaint to add "DOE 1" or "John Doe, A California Resident" as a defendant. Chtyrev Decl. ¶ 4; Chtyrev Decl. Ex. B. But that filing and any resulting order are "absolutely void" because the state court has "no jurisdiction over the proceeding" after removal. Acevedo Feliciano, 589 U.S. at 63-64 (quoting Kern, 103 U.S. at 493).

Because fictitious defendants are disregarded when determining removability under diversity jurisdiction, 28 U.S.C. § 1441(b)(1), and the only named parties in this action are diverse, the Court finds there is complete diversity between the parties.

### IV. Conclusion

For the forgoing reasons, Rocha's motion is DENIED.

IT IS SO ORDERED.

Date: December 29, 2025

Dale S. Fischer
United States District Judge

---

[9] The complaint alleges plaintiff was injured when "two store employees, who were stacking glass bottled sodas, shattered 6 packs of bottled sodas, hitting plaintiff." Dkt. 1-1 at 8, 9.